IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00935-JLK-MEH

JEFFREY HIJAR, a minor through his guardian and natural parent,
VERONICA HIJAR,

      Plaintiff,

v.

PUEBLO SCHOOL DISTRICT NO. 60,
HIGHLAND PARK ELEMENTARY SCHOOL,
TED JOHNSON,
EMILY MONTEZ,
RHONDA PADILLA,
SHERYL L. WICKLIFFE,
KENT SHORTER, and
PEGGY O'BRIEN, jointly and severally,

      Defendants.

---

**ORDER**

---

    This matter comes before the Court on Defendants' Response, Plaintiff's Reply, and Defendants' Supplemental Response to the Order to Show Cause dated May 13, 2008. On Monday, May 12, 2008, the Court held a Settlement Conference in this case, at which none of the named Defendants appeared. Counsel for Defendants and a representative of Defendant Pueblo School District No. 60's insurance pool attended the conference. The case did not settle. The conference lasted approximately four hours.

    The Minute Order setting the conference states as follows:

    Counsel <u>shall have parties present</u> who shall have <u>full authority</u> to negotiate all terms and demands presented by the case, and <u>full authority</u> to enter into a settlement agreement, including an adjustor if an insurance company is involved. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency. If any person has limits upon the extent

or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **This requirement is not fulfilled by the presence of counsel**.

In exceptional circumstances, a party's appearance by phone may be approved by Chambers. Any party seeking such relief should confer with opposing counsel before contacting Chambers directly at 303-844-4507.

No person is ever required to settle a case on any particular terms or amounts. However, if any person attends the settlement conference without full authority, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side.

Dock. #32 (emphasis in original). Because none of the individual Defendants nor any representatives of the school district attended the Settlement Conference, this Court issued an Order to Show Cause why "Plaintiff should not have her costs and expenses (including reasonable attorney's fees) for attendance at the Settlement Conference." *Id.* The Order to Show Cause is incorporated herein by reference.

In response, Defendants' counsel states that she read the Minute Order as requiring only the attendance of an insurance adjustor, not the parties to the lawsuit. Counsel further states that no other rule requires individual defendants to attend Settlement Conferences, and that it is the custom in this jurisdiction to allow an insurance adjustor to attend the conference in lieu of the named parties. Counsel, therefore, argues that sanctions are inappropriate, because any failure to comply with this Court's Order was unintentional. She relies on *Turner v. Young*, 205 F.R.D. 592 (D. Kan. 2002). Counsel also disagrees with this Court's assessment that the failure of the named Defendants to attend the Settlement Conference hindered settlement discussions, because the insurance company would pay any monetary settlement, and the claims against the individually named Defendants are defensible. Dock. #38 at ¶ 7. Finally, Defendants' counsel contends that the Settlement Conference was set by joint request of the parties, not at the behest of Defendants. Specifically, Defendants' counsel represents that she understood that the Plaintiff may have a waning desire to litigate this

case.

Plaintiff's counsel states in reply that he was unaware his client expressed any desire not to proceed with the lawsuit, and that he had no part in setting the Settlement Conference, only that he did not object to the conference when Defendants' counsel requested it. The evidence submitted by the parties establishes that Plaintiff's mother, Ms. Chavez, had one conversation with Defendant Shorten in February 2007 expressing a reluctance to be pursing a lawsuit against Shorten because, in Ms. Chavez's opinion, he was a good teacher. Ms. Chavez reaffirmed the substance of this conversation in her April 2008 deposition, which reaffirmation allegedly prompted Defendants' counsel to contact Plaintiff's counsel to schedule a settlement conference.

Plaintiff's counsel states that he spent 23 hours preparing for and attending the Settlement Conference at the rate of $200 per hour, as well as $9.00 in costs of parking and copying. He does not submit any expenses incurred directly by Ms. Chavez for her attendance at the Settlement Conference.

As an initial matter, the Court interprets its Minute Order setting the Settlement Conference as requiring "parties" to attend the conference. It then requires such parties to have full settlement authority. The reason the second clause is required is that a party is often an entity, and the Court wants to avoid the situation in which a representative of an entity, though an agent in the legal sense, comes to the settlement conference with authority up to a certain level, and any negotiations beyond that level must involve someone who is not present at the conference. However, all parties are required to attend absent being excused by the Court, which the Court does frequently after vetting with both sides all the pros and cons of one or more parties being absent from the conference. Indeed, the Court typically requires consent from both sides when one side requests that a party appear by telephone or be excused entirely from the conference, although in rare circumstances the

Court will permit a party to appear by telephone over the objection from the other side, if the Court is convinced, after sufficient inquiry, that the parties' absence will not interfere with settlement.

In this particular case, in the undersigned's experience (limited though it may be) of approximately 350 settlement conferences, never has a conference involved so many parties on one side of the ledger with the result that *none* of those parties attended the conference, absent prior express permission from the Court. The only possible explanation is that Defendants' counsel simply did not give much thought to who should be at the conference. That itself perhaps is not dispositive of whether a monetary penalty should be imposed, but in this case, Ms. Chavez took time away from her schedule and spent the day in federal court essentially at the request of the Defendants, without a similar burden undertaken by any Defendant. Again, that itself might not lead the Court to equalize the burden and expense of litigation, but to compound the problem, Defendants did not accurately represent their settlement position prior to the conference. When the parties submit their confidential settlement statements, the Court studies them to determine whether a pre-conference telephone call to counsel is necessary, which it often is when the relative positions of the parties appear to indicate that settlement is remote at best. In the present case, Defendants' letter did not need much interpretation to lead an experienced mediator (or litigator for that matter) to determine the ballpark for Defendants' settlement position. The course of events at the conference itself established that, had Defendants more accurately stated their position, a conference might not have been held at all, or at least the Court would not have kept the Plaintiff and counsel here for nearly four hours.

Moreover, as defense counsel notes, she has had one previous Settlement Conference before the undersigned Magistrate Judge, and named defendants were required to attend the conference. Rather than relying on her previous experience, or at the least, contacting Chambers as directed in

4

the Minute Order to discuss her mistaken belief, counsel did not devote the proper consideration to who should attend the conference. Counsel further references the "custom" in this District and her experience with other Magistrate Judges who do not require named defendants to appear for a Settlement Conference. It is true that this Settlement Conference was not governed by any Local Rules or custom within the District but, rather, by the Minute Order setting the Settlement Conference. And as noted above, counsel's experience with the undersigned Magistrate Judge was that named parties are required to attend the Settlement Conference. Regarding the full authority of the insurance adjustor, counsel represents that any monetary payments would be made by the insurance pool, not the individual Defendants. At the same time, counsel recognizes that settlements often involve non-monetary terms which cannot be addressed by an insurance adjustor. While Plaintiff has not requested injunctive relief in the Complaint, the nature of the ongoing professional relationship between Plaintiff, her son, and Defendants underscores the need for the named Defendants to participate in the mediation process, if a resolution of the matter is truly desired. This is true for purposes of discussing the facts, the possible outcomes, the credibility and demeanor of parties and witnesses, the time frames for resolving the litigation, and other considerations that an insurance adjustor should find relevant to his or her decision to authorize a certain level of settlement. And it has been the Court's experience that discussion of non-monetary risks inherent in this lawsuit with the named Defendants leads to productive settlement discussions, since the only risk that an insurer has is the payment of money. Indeed, public disclosure of even the identity of the insurance pool, as being associated with any payment, is unlikely.

In addition, as noted in the Order to Show Cause, a judgment against the Defendants would run against the named Defendants, not the insurance adjuster. While the insurance pool may cover any damages Plaintiff could potentially receive with a judgment, a judgment in favor of Plaintiff

would necessarily mean a judgment and finding that the named Defendants violated Plaintiff's constitutional rights. The mere fact that Plaintiff's claims are "defensible" could be reason for Defendants to determine a Settlement Conference is unnecessary and, therefore, not request a conference. It is hardly a reason for Defendants to simply choose not to participate in the Settlement Conference (if the individual Defendants were even presented the choice of whether to attend or not).

Finally, counsel states that Defendants were available by phone. Yet, the Minute Order expressly addresses appearance by telephone and states that such appearance is granted only in exceptional circumstances and must be requested prior to the Settlement Conference. Based on counsel's prior experience in this Court and the Minute Order setting the Settlement Conference, the Court cannot find that Defendants' failure to appear is excusable when viewed in light of all the circumstances described above.

Although the Minute Order required parties to appear in person, counsel for Defendants next argues that sanctions are inappropriate, because any failure to comply was unintentional, not willful. Counsel urges that it would be improper impose sanctions under these circumstances. *See Turner*, 205 F.R.D. at 595 (declining to sanction a party who failed to send a representative with full authority to the settlement conference due to an absence of clear case law in that jurisdiction). Counsel's argument, however, is not supported by case law.

Pursuant to Fed. R. Civ. P. 16(f), the Court may sanction a party for failure to appear at a pretrial conference, failure to participate in good faith in the conference, or failure to obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(A)-(C). Unless the noncompliance was substantially justified, "the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule." Fed. R. Civ. P. 16(f)(2). An award

of fees may be in lieu of or in addition to any other sanction for noncompliance. *Id.* The Minute Order setting the Settlement Conference is such a pretrial order under Rule 16(f). *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595 (8th Cir. 2001) (affirming sanction for violation of Order Referring Case to Alternate Dispute Resolution). The purpose of a sanction under Rule 16(f) is to provide for efficient case management and to "compensate opposing parties for the inconvenience and expense resulting from an adversary's noncompliance." *G.J.B. & Assoc. v. Singleton*, 913 F.2d 824, 831 (10th Cir. 1990).

As to the level of culpability, "the amount and impact of a monetary sanction should depend on the seriousness of the violation and where the fault lies, i.e., with counsel or client. However, in the absence of a finding of bad faith, there must be a sufficient nexus between noncompliance with the rules and the amount of fees and expenses awarded as a sanction." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996) (quoting *Turnbull v. Wilcken*, 893 F.2d 256, 258 (10th Cir. 1990 (per curiam) (citations omitted)). Thus, "neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions" under Rule 16(f). *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984). Rather, in the absence of bad faith, the Court should limit any award to the expenses and attorney's fees directly attributable to the defendants' conduct. Fundamentally, the Court finds that it was inequitable for the Plaintiff to travel to the courthouse and spend the day in settlement discussions without a concomitant burden on the Defendants.

In this case, ordering Defendants and/or counsel for Defendants to pay the reasonable expenses incurred by Plaintiff as a result of their noncompliance does not require a finding of bad faith, only that Defendants were not substantially justified in their actions. Fed. R. Civ. P. 16(f)(2). As set forth above, Defendants' failure to appear is not excusable as that term is used in the law and, therefore, not substantially justified.

The Court does not find any bad faith by the Defendants' counsel and, indeed, the Court

has had favorable experiences with many members of the defense counsel firm. A mistake was

made here, and the Plaintiff should not have to suffer for it. There is no evidence that the mistake

was made by the Defendants themselves, or that they made a conscious decision not the attend the

conference. For this reason, the Court believes that it is the conduct of counsel, not the individual

Defendants, which was not substantially justified.

Because Defendants' failure to attend was unintentional, the costs assessed must be directly

attributable to this conduct. Even though Defendants initiated the conference, the conference could

have been productive, even if the case had not settled, if they had attended the conference. Thus,

the majority of Plaintiff's counsel's time spent preparing for the conference is not directly

attributable to Defendants' failure to appear. The time spent the day of the Settlement Conference

is attributable to the absence of Defendants. Plaintiff's counsel submitted that he spent 4.75 hours

for the day of the Settlement Conference at the rate of $200 per hour, as well as costs of $9.00.

Accordingly, the Court finds that the costs incurred as result of Defendants' failure to appear are

$959.00. These costs are to be paid to Plaintiff's counsel by counsel for Defendants on or before

**July 10, 2008**. Counsel shall submit a Certificate of Payment to the Court once payment is

completed.

In conclusion, the Court must emphasize that the actual outcome of the settlement conference

is of only marginal relevance. Certainly, if the case had settled, this Order would not be written.

But it is up to the parties to settle their case voluntarily; there is no requirement to do so. The

problem here is that the conference was doomed from the start because of the circumstances outlined

above. The Court believes it is reasonable to impose the burden on the parties to engage in their best

efforts to settle a case if they have requested a settlement conference before a United States

8

Magistrate Judge.  That standard was not met here.

The Order to Show Cause is made absolute.

Dated at Denver, Colorado this 12th day of June, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge